FILED
AUG 0 8 2011
U.S. DISTRICT COURT
CLARKSBURG, WV 26301

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| TRECIA MARIE MOORE, KIMBERLY ANN DAVIS, and LAURA J. MARTIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VERIZON WEST VIRGINIA, INC., FRONTIER WEST VIRGINIA, INC., VERIZON SERVICES CORP., VERIZON COMMUNICATIONS INC., JODI DENNIS, MARY FREDERICK, CODY STEWART, CORBY MILLER, BARBARA TERWILLIGER, BOB ANDERSON, TAMMY MASON, DAWN WATSON, and MICHAEL HATHAWAY,<br><br>Defendants. | Case No. 1:11CV127<br><br>NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1441, AND 1446<br><br>Removed from the Circuit Court of Harrison County, State of West Virginia<br>Civil Action No. 11-C-307-2 |

ROBINSON & MCELWEE PLLC
Richard W. Gallagher
Post Office Box 128
140 West Main Street, Suite 300
Clarksburg, West Virginia 26302-0128
(304) 622-5022
*Attorneys for Defendants*
*Verizon Services Corp., Verizon Communications, Inc.,*
*Mary Frederick, Cody Stewart, Barbara Terwilliger,*
*Tammy Mason and Dawn Watson*

*Of Counsel:*

GREENBERG TRAURIG, LLP
Alan Mansfield (*pro hac vice* forthcoming)
Jonathan L. Sulds (*pro hac vice* forthcoming)
Will Wargo (*pro hac vice* forthcoming)
200 Park Avenue
New York, New York 10166
(212) 801-9200

TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF WEST VIRGINIA:

PLEASE TAKE NOTICE that defendants Verizon Services Corp. ("Verizon Services"), Verizon Communications Inc. ("Verizon Communications"), Mary Frederick, Cody Stewart, Barbara Terwilliger, Tammy Mason and Dawn Watson (collectively the "Verizon Defendants") hereby file this Notice of Removal of the above-entitled action to the United States District Court for the Northern District of West Virginia from the Circuit Court of Harrison County, West Virginia, Civil Action No. 11-C-307-2, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. (As set forth below, all other defendants in the action consent to removal, see Paragraph 24, *infra*.)[1] This Court has original jurisdiction over this action on the basis of federal question jurisdiction under 28 U.S.C. § 1331, as at least one of Plaintiffs' claims is preempted by the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA") and/or the Employee Retirement and Income Security Act ("ERISA") 29 U.S.C. §§ 1001-1461, and the Court has supplemental jurisdiction over such of Plaintiffs' claims as are not preempted. In support of this Notice, the Verizon Defendants state as follows:

I.  BACKGROUND

1. On or about May 20, 2011, plaintiffs Trecia Marie Moore, Kimberly Ann Davis, and Laura J. Martin ("Plaintiffs"), purporting to represent a class of "[a]ll current and former employees who were discriminated against due to their disability and/or due to the Defendants' perception of them as disabled and/or were terminated or otherwise subjected to discipline, harassment and a hostile work environment as a result of Defendants' discriminatory

---

[1] Verizon Communications preserves all of its jurisdictional defenses, including improper service, and a lack of personal jurisdiction over it by the Court, and nothing herein should be considered a waiver of such defenses.

treatment,"[2] filed the Class Action Complaint (the "Complaint") in this civil action in the Circuit Court of Harrison County, West Virginia (the "State Court"). On July 20, 2011, Tammy Mason, Barbara Terwilliger, Dawn Watson, and Cody Stewart, all current or former employees of defendant Verizon Services Corporation and/or former employees of Verizon West Virginia (now known as Frontier West Virginia, Inc.), were personally served with the Complaint. (A true and correct copy of the Summons and Complaint is attached hereto as Exhibit 1.) These defendants were the first defendants to be served with the Complaint. Accordingly, this Notice of Removal is filed within the 30-day period required by 28 U.S.C. § 1446(b).

2.      In addition to the Verizon Defendants, the Complaint also purports to name as defendants Frontier West Virginia, Inc., Jodi Dennis, Corby Miller, Bob Anderson, and Michael Hathaway (collectively, with the Verizon Defendants, the "Defendants"), as well as Verizon West Virginia, Inc., which is the former name of Frontier West Virginia, Inc., and is not a separate entity subject to suit.

3.      None of the Defendants has responded to the Complaint, and no further proceedings have occurred in the State Court as of the date of the filing of this Notice of Removal.

4.      Plaintiffs, who are all members of a collective bargaining unit represented by the Communications Workers of America ("CWA") and whose terms and conditions of employment are governed by a collective bargaining agreement ("CBA"), plead in conclusory terms under the West Virginia Human Rights Act (the "WVHRA"), Sections 5-11-1 and 5-11-9, alleging unlawful employment practices based upon disability and perceived disability on behalf of themselves and a proposed class of current employees and former employees who worked in

---

[2] This class definition raises so many individual issues that it could never be properly certified in federal court. *See e.g. Hohider v. UPS*, 574 F.3d 169 (3rd Cir. 2009).

Defendants' call centers in Charleston and Clarksburg, West Virginia (the "Proposed Class") against Defendants, asserting that Defendants failed to grant Class Complainants reasonable accommodation as required by law, failed to engage in an interactive dialogue as required by law, and targeted such individuals for disparate treatment. (Exhibit 1, Complaint ¶ 38).

II.   **THIS COURT HAS FEDERAL QUESTION JURISDICTION BECAUSE PLAINTIFFS' CLAIM IS PREEMPTED UNDER THE LMRA.**

5.   Under the doctrine of complete preemption, removal of an action from state to federal court is appropriate if the subject matter of a putative state law claim has been subsumed by federal law. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *McCormick v. AT&T Technologies, Inc.*, 934 F.2d 531 (4th Cir. 1991) (en banc); *Griggs v. E.I. DuPont De Nemours & Co.*, 237 F.3d 371 (4th Cir. 2001). The doctrine of complete preemption thus prevents a plaintiff from defeating removal by omitting to plead necessary federal questions. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1. 22 (1983).

6.   As this Court has recently noted, although pled under state law, a claim is preempted by § 301 of the LMRA where, in order for the plaintiff to establish her case, the terms of the collective bargaining agreement must be interpreted and not merely referred to, or the claim is "'inextricably intertwined with consideration of the terms of the labor contract.'" *Brosius v. Verizon Communications, Inc.*, No. 1:11CV38, Memorandum Opinion and Order Granting Plaintiff's Motion to Remand, (dated July 29, 2011) ("*Brosius* Order"), at 6 (citing *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405 (1999), and quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985)). As shown in greater detail below, that is the case here at least with respect to Plaintiffs' failure to provide reasonable accommodation claims. In *Brosius*, the Court found that the remand was required because the alleged causes of action did not require interpretation of the relevant labor contract. *Brosius*, however, did not involve a

failure to accommodate claim, and thus this case presents a distinct basis for removal not present in that earlier action. As demonstrated below, here Plaintiffs' *prima facie* failure to accommodate claims necessarily requires interpretation of the applicable labor contract.

7. Under West Virginia law, the essential elements of Plaintiffs' failure to accommodate claim includes a showing that a reasonable accommodation existed which met the Plaintiffs' needs. *Skaggs v. Elk Run Coal Co., Inc.*, 198 W. Va. 51, 65 (1996). The transfer of an employee to an open position constitutes one form of accommodation allowed under West Virginia law. *Skaggs*, 198 W. Va at 65 ("Our regulations state that 'reasonable accommodations include' … reassigning the employee 'to a vacant position for which the person is able and competent to perform'").

8. Plaintiffs are all currently hourly employees of Verizon Services, and work at a call center in Clarksburg, West Virginia. Prior to July, 2010, Plaintiffs were employees of Verizon West Virginia. In July 2010, Verizon West Virginia was sold, and was subsequently renamed Frontier West Virginia, Inc. Thus, Verizon West Virginia is not a separate entity subject to suit. The Clarksburg call center, however, was not part of this transaction, and the Plaintiff and other employees at that center were transferred to Verizon Services. Thus, at that time, Plaintiffs became employees of Verizon Services.

9. As former employees of Verizon West Virginia, and current employees of Verizon Services, Plaintiffs were and are members of a collective bargaining unit represented by the CWA. Plaintiffs' employment with Verizon West Virginia and Verizon Services was and is governed by the CBA between Verizon and the CWA local union. (*See* Declaration of Angie Sposa, dated August 7, 2011, attached hereto as Exhibit 2) (a true and correct copy of the CBA is attached hereto as Exhibit 3). This agreement is a "contract [ ] between an employer and a labor

organization representing employees in an industry affecting commerce" within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185.

10.     Implemented on May 12, 1997 and revised on October 9, 1998, the Verizon Mid-Atlantic Medically Restricted Policy ("MRP") covers all regular full-time and regular part-time employees of Verizon West Virginia (until its sale in July 2010) and Verizon Services in West Virginia who are represented by the CWA. (A true an correct copy of the MRP is attached hereto as Exhibit 4.) Under the MRP, "[w]hen an employee is able to work, but due to medical restrictions cannot perform all of the essential functions of his/her job with or without reasonable accommodation, the Company will seek to place the medically restricted employee in an available position the employee is qualified to perform." (Exhibit 4 at 2.)

11.     The MRP "establishes procedures for the placement of associate employees who are determined to be able to work but due to medical reasons are unable to perform all of the essential functions of their normal assignments, or unable to perform their jobs on a full-time basis." (*Id.*) The MRP grants priority for placement in indefinite reassignments to medically restricted employees over all employees except those subject to layoff. Under the MRP, "[m]edically restricted employees have priority for placement in indefinite reassignments to available equivalent or lower paid positions that are Suitable Work." (*Id.*) "This priority exists over all employees except those who have received notice they are part of a force reduction with a scheduled layoff date" and "[s]enority." (*Id.*)

12.     The MRP establishes specific procedures for medically restricted employees to follow in order to qualify for reassignment, establishes a Reasonable Accommodation Committee (the "Committee") to review the cases of medically restricted employees for whom

"Suitable Work" cannot be found, and sets forth avenues for the CWA and employees to bring considerations before the Committee where no suitable work has been found. (Exhibit 4 at 3-4.)

13. The MRP has been the subject of collective bargaining. CWA has filed grievances over it (including a grievance alleging the terms of the policy were not followed with respect to job placement, a true and correct copy of which is attached hereto as Exhibit 5). Thus, under Fourth Circuit authority, the MRP constitutes "industrial common law .. practices of ... the shop," governed by the LMRA § 301, and equivalent for purposes of LMRA § 301 preemption to the express provisions of the CBA. *McCormick*, 934 F.2d at 534. Accordingly, any state law claim requiring an interpretation of the MRP is preempted by LMRA § 301. *Id.*

14. For this reason Plaintiffs' reasonable accommodation claims under *Skaggs* are preempted. In order to establish there was an available position into which a plaintiff might have been transferred but was not—the nub of Plaintiffs' reasonable accommodation claims—the MRP will need to be interpreted. Among the available position inquiries that must be resolved to adjudicate Plaintiffs' claims are: was there "Suitable Work"; and was it appropriate to reclassify an individual? Only an interpretation of the LMRA § 301 governed MRP will answer these inquires. This is no mere reference to a document.[3] Rather, here, notwithstanding Plaintiffs' conclusory allegation that their *prima facie* case will not require interpretation of a collective bargaining agreement, the federal labor law obligations of an employer, bargained and grieved over by a union representing Plaintiffs, must be analyzed and interpreted as a necessary element of Plaintiffs' *prima facie* failure to accommodate claims.[4]

---

[3] Thus, this case is distinguishable from the Court's decision in *Brosius*, as in that case the Court found that the CBA was not implicated by the elements of the plaintiff's claims (which did not include a claim for failure to accommodate) but would only be injected in the case if raised by Verizon as a defense. *Brosius* Order at 11.

[4] The case is also distinguishable from *McCutcheon v. Alcan Rolled Products-Ravenswood*, LLC, No. 2:07-0622, 2008 U.S. Dist. LEXIS 41315, at *15-16 (S.D. West Va. May 22, 2008). In that case, the collective bargaining agreement required reassignment of a medically restricted employee to a position, but the Court made no

15. Currently, many of the hourly employees at the Clarksburg call center are classified as medically restricted under the MRP.

16. The Verizon Defendants recognize that given the conclusory nature of Plaintiffs' Complaint, they may assert that their claims encompass other matters as well. Indeed, their allegations of individuals being subjected to disparate treatment may be read as an assertion that Plaintiffs believe they have been improperly treated under the applicable short term disability plan. That plan is subject to ERISA, and any assertion that benefits were not properly provided would be preempted. *Aetna Health Inc. v Davila*, 542 U.S. 200 (2004). Because any assertion there has been discrimination on the basis that benefits were denied, delayed, or improperly delivered is completely preempted by ERISA under *Davila*, this is not a matter of anticipating a federal defense. To the contrary, it is a matter of particularizing the conclusory assertions of Plaintiffs' Complaint. Given the breath of its conclusory allegations, Plaintiffs' Complaint raises issues relating to the short term disability plan and benefits under it such that ERISA preemption applies.

### III. THIS NOTICE OF REMOVAL IS TIMELY AND PROPERLY FILED.

17. This lawsuit is a civil action within the meaning of the Acts of Congress relating to the removal of actions.

18. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days after the receipt of the Summons and Complaint in this action by the first served defendants by service or otherwise, under 28 U.S.C. § 1446(b).

---

mention that the labor contract needed to be interpreted to determine whether an open position existed *at all*. *McCutcheon*, 2008 U.S. Dist. LEXIS 41315, at *15-16. Here, unless the MRP is interpreted, there can be no finding that there was an open position to which Plaintiffs could be transferred.

19. Removal to this Court is proper because the action is being removed from the Circuit Court of Harrison County, West Virginia.

20. The Verizon Defendants will give written notice of the filing of this Notice of Removal to Plaintiffs as required by 28 U.S.C. § 1446(d), and will file a copy of this Notice of Removal with the Circuit Court of Harrison County, West Virginia, as further required by that section.

21. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process and pleadings served on Defendants are attached hereto as Exhibit 6 and are incorporated by reference.

22. The undersigned counsel for the Verizon Defendants has read the forgoing and signs the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

23. Defendants Frontier West Virginia, Inc., Jodi Dennis, Corby Miller, Bob Anderson, and Michael Hathaway consent to removal. (True and correct copies of their consents to removal are attached as Exhibit 7.)

WHEREFORE, the Verizon Defendants pray that the above action now pending against them in the Circuit Court of Harrison County, West Virginia be removed to this Court.

If any questions arise as to the propriety of the removal of this action or the Court's exercise of federal jurisdiction, the Verizon Defendants request the opportunity to present a brief and oral argument.

Dated: August 8, 2011

          Respectfully submitted,

          ROBINSON & McELWEE PLLC

          _____
          Richard W. Gallagher
          Post Office Box 128
          140 West Main Street, Suite 300
          Clarksburg, West Virginia 26302-0128
          (304) 622-5022

          *Attorneys for Defendants*
          *Verizon Services Corp., Verizon Communications Inc.,*
          *Mary Frederick, Cody Stewart, Barbara Terwillinger,*
          *Tammy Mason and Dawn Watson*

*Of Counsel:*

GREENBERG TRAURIG, LLP
Alan Mansfield (*pro hac vice* forthcoming)
Jonathan Sulds (*pro hac vice* forthcoming)
Will Wargo (*pro hac vice* forthcoming)
200 Park Avenue
New York, New York 10166
(212) 801-9200