IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TRECIA MARIE MOORE, Individually and on
behalf of all others similarly situated,
KIMBERLY ANN DAVIS, Individually and
on behalf of all others similarly situated,
and LAURA J. MARTIN, Individually and on
behalf of all others similarly situated,

            Plaintiffs,

v.                          //   CIVIL ACTION NO. 1:11cv127
                                 (Judge Keeley)


VERIZON WEST VIRGINIA, INC.,
FRONTIER WEST VIRGINIA, INC.,
VERIZON SERVICES CORP.,
VERIZON COMMUNICATIONS, INC.,
MARY FREDERICK, CODY STEWART,
CORBY MILLER, BARBARA TERWILLIGER,
BOB ANDERSON, TAMMY MASON, DAWN
WATSON, and MICHAEL HATHAWAY,

            Defendants.


MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO REMAND [DKT. NO. 29]

     Before the Court is the plaintiffs' motion to remand (dkt. no.
29). For the reasons discussed below, the Court **GRANTS** the
plaintiffs' motion and **REMANDS** this case to the Circuit Court of
Harrison County, West Virginia.

                              I.

     On May 20, 2011, the named plaintiffs, Trecia Marie Moore,
Kimberly Ann Davis, and Laura J. Martin (collectively "the
plaintiffs"), filed this putative class action in the Circuit Court
of Harrison County, West Virginia. Their complaint alleges that the

MOORE, ET AL v. VERIZON WEST VIRGINIA, INC., ET AL.      1:11CV127

MEMORANDUM OPINION AND ORDER

defendants, Verizon West Virginia, Inc., Frontier West Virginia, Inc., Verizon Services Corp., Verizon Communications, Inc., Jodi Dennis, Mary Frederick, Cody Stewart, Corby Miller, Barbra Terwilliger, Bob Anderson, Tammy Mason, Dawn Watson, and Michael Hathaway (collectively "the defendants"), engaged in discriminatory employment practices against the plaintiffs, who have actual or perceived disabilities, in derogation of their rights. The complaint contains a single cause of action against the defendants for violating the West Virginia Human Rights Act ("WVHRA"), W. Va. Code § 5-11-9. (Dkt. No. 2-1 at 11).

On August 8, 2011, the defendants timely removed this case under 28 U.S.C. §§ 1441 and 1446, invoking this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. The defendants argue that federal subject matter jurisdiction over this case exists because the plaintiffs' claim is completely preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), and the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq. The plaintiffs moved to remand, contending that the doctrine of complete preemption is inapplicable to the allegations contained in their well-pleaded complaint (dkt. no. 29).

MOORE, ET AL v. VERIZON WEST VIRGINIA, INC., ET AL.      1:11CV127

MEMORANDUM OPINION AND ORDER

II.

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Any state civil action which satisfies this requirement "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The party seeking removal bears the burden of establishing federal jurisdiction, Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994), and all doubts about the propriety of removal should be resolved in favor of retaining state jurisdiction. Hartley v. CSX Transp., Inc., 187 F.3d 422, 425 (4th Cir. 1999).

Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Accordingly, federal question jurisdiction may not rest on the assertion of a federal defense, including the defense of preemption. Id. at 393. Rather, federal district courts have jurisdiction over "'only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief

3

MOORE, ET AL v. VERIZON WEST VIRGINIA, INC., ET AL.      1:11CV127

MEMORANDUM OPINION AND ORDER

necessarily depends on resolution of a substantial question of federal law.'" Interstate Petroleum Corp. v. Morgan, 249 F.3d 215, 219 (4th Cir. 2001) (quoting Franchise Tax Bd. v. Const. Laborers Vacation Trust, 463 U.S. 1, 27 (1983)).

A corollary to the well-pleaded complaint rule is the "complete preemption doctrine." Under this doctrine, a complaint "can be recharacterized as one 'arising under' federal law if the law governing the complaint is exclusively federal." Vaden v. Discover Bank, 556 U.S. 49, 50 (2009) (citing Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 8 (2003)). This doctrine will apply to a claim when "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state commonlaw complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Caterpillar, 482 U.S. at 393 (quoting Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58, 65 (1987)). The completely preempted state claim will thus be considered, "from its inception, a federal claim," and consequently "arises under" federal law. Caterpillar, 482 U.S. at 393 (citing Franchise Tax Bd., 463 U.S. at 24).

In order to remove an action on complete preemption grounds, a defendant must show that "the plaintiff has a 'discernible federal [claim]' and that 'Congress intended [the federal claim] to

MOORE, ET AL v. VERIZON WEST VIRGINIA, INC., ET AL.      1:11CV127

MEMORANDUM OPINION AND ORDER

be the exclusive remedy for the alleged wrong.'" Pinney v. Nokia, Inc., 402 F.3d 430, 449 (4th Cir. 2005) (alteration in original)(quoting King v. Marriott Int'l, 337 F.3d 421, 425 (4th Cir. 2003)). Here, the defendants argue that the plaintiffs' claims are completely preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and unspecified sections the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq. The Supreme Court has found the congressional intent to create an exclusively federal remedy for LMRA § 301 and ERISA § 502(a). Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 66–67 (1987) (ERISA § 502(a)); Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists, 390 U.S. 557, 560 (1968) (LMRA § 301).

**A.**

Section 301 of the LMRA provides in pertinent part:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). This statute creates "a body of federal common law" in order to secure uniform interpretation of labor contracts and "'promot[e] the peaceable, consistent resolution of labor-management disputes.'" McCormick v. AT&T Tech., Inc., 934

5

MOORE, ET AL v. VERIZON WEST VIRGINIA, INC., ET AL.      1:11CV127

MEMORANDUM OPINION AND ORDER

F.2d 531, 534, 537 (4th Cir. 1991) (quoting Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 404 (1988)).

Even though the preemptive effect of § 301 "is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization," Franchise Tax Bd., 463 U.S. at 23, "the bare fact that a collective bargaining agreement will be consulted in the course of state-law litigation plainly does not require [preemption]." Livadas v. Bradshaw, 512 U.S. 107, 124 (1994). Instead, a state law claim will be completely preempted by § 301 only if resolution of the claim "requires the interpretation of a collective-bargaining agreement," Lingle, 486 U.S. at 405, or if the claim is "inextricably intertwined with consideration of the terms of the labor contract." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213 (1985). Section 301 does not, for example, "pre-empt nonnegotiable rights conferred on individual employees as a matter of state law," because "it is the legal character of a claim, as 'independent' of rights under a collective-bargaining agreement . . . that decides whether a state cause of action may go forward." Livadas, 512 U.S. at 123 (citing Lueck, 471 U.S. at 211).

District courts must examine the prima facie elements of a state law cause of action in order to determine whether

MOORE, ET AL v. VERIZON WEST VIRGINIA, INC., ET AL.        1:11CV127

MEMORANDUM OPINION AND ORDER

interpretation of a collective-bargaining agreement is required in order to resolve the claim. Foy v. Pratt & Whitney Group, 127 F.3d 229, 233 (2d Cir. 1997) (citing Lingle, 486 U.S. at 407); see also Arnold v. Cabot Corp., No. 1:99-75, 2000 WL 1283078, at *7 (N. D. W. Va. May 8, 2000).

**B.**

ERISA operates to protect "'the interests of participants in employee benefit plans and their beneficiaries'" by establishing "substantive regulatory requirements" for these plans and "'provid[ing] for appropriate remedies, sanctions, and ready access to the Federal courts.'" Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004) (quoting 29 U.S.C. § 1001(b)). ERISA contains provisions preempting "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy." Davila, 542 U.S. at 209 (citing Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54-56 (1987)). A state law claim that falls under ERISA's civil enforcement provisions will be preempted and converted into a federal claim for "'purposes of the well-pleaded complaint rule.'" Davila, 542 U.S. at 209 (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65-66 (1987)).

MOORE, ET AL v. VERIZON WEST VIRGINIA, INC., ET AL.     1:11CV127

MEMORANDUM OPINION AND ORDER

### III.

The sole count of the plaintiffs' complaint is entitled "Violation of the WVHRA." (Dkt. No. 2-1 at 11).[1]  This count alleges that the defendants "engaged in a course of unlawful employment practices" by "discriminat[ing] against" the plaintiffs and "adopt[ing] and implement[ing] policies and practices (not contained in any . . . collectively bargained document) that resulted in disparate treatment of the Plaintiffs" in violation of W. Va. Code § 5-11-9. (Id. at 11-12). The plaintiffs thus maintain that they have pled a single disparate treatment employment discrimination claim under West Virginia law.  (Dkt. No. 49 at 6). The defendants, on the other hand, point to other provisions of the complaint to argue that the plaintiffs have also pled a failure to accommodate claim. See, e.g., (Compl. at ¶ 38 ("[t]he claims raised by Class Representatives are substantially typical . . . insofar as they have alleged or could allege, . . . reasonable accommodations") (emphasis added)).

The WVHRA itself gives rise to both employment discrimination and failure to accommodate causes of action. Dawson v. Kokosing

_____

[1] The plaintiffs filed an amended complaint subsequent to the removal of this case. (Dkt. No. 5). For the purposes of resolving the motion to remand, however, only the complaint as it existed at the time of removal is relevant. See Pinney v. Nokia, Inc., 402 F.3d 430, 443 (4th Cir. 2005).

8

MOORE, ET AL v. VERIZON WEST VIRGINIA, INC., ET AL.     1:11CV127

MEMORANDUM OPINION AND ORDER

Construction Co., Inc., No: 3:08-287, 2009 WL 1176447, at *8 n.7 (S.D. W. Va. Apr. 29, 2009) ("Under West Virginia caselaw[,] [a failure to accommodate claim] is generally treated as a separate cause of action with a different test than that used for a general discrimination claim." (citing Skaggs v. Elk Run Coal Co., 479 S.E.2d 561, 574 (W. Va. 1996) and Alley v. Charleston Area Medical Center, 602 S.E.2d 506 (W. Va. 2004)). As the defendants do not dispute that the plaintiffs' employment discrimination claim is not completely preempted, see Brosius v. Verizon Communications, Inc., No. 1:11-cv-38, 2011 WL 3269677, at *4 (N.D. W. Va. July 29, 2011), the only question presented by the instant motion is whether the plaintiffs' purported cause of action for failure to accommodate is completely preempted by either the LMRA or ERISA.

### A.

To state a prima facie claim for failure to accommodate, a plaintiff must establish that:

> (1) The plaintiff is a qualified person with a disability; (2) the employer was aware of this disability; (3) the plaintiff required an accommodation in order for perform the essential functions of the job; (4) a reasonable accommodation existed that would meet the plaintiffs needs; (5) the employer knew or should have known of the plaintiff's needs and of the accommodation; and (6) the employer failed to provide the accommodation.

MOORE, ET AL v. VERIZON WEST VIRGINIA, INC., ET AL.     1:11CV127

MEMORANDUM OPINION AND ORDER

Syl. Pt. 2, <u>Skaggs</u>, 479 S.E.2d 561 (emphasis added). In addition, "a plaintiff also could state a claim by alleging an employer refused to consider or discuss accommodation." <u>Id</u>. at 575 n.11.

A "reasonable accommodation" is defined by the applicable regulations as "reasonable modifications or adjustments to be determined on a case-by-case basis which are designed as attempts to enable an individual with a disability to be hired or to remain in the position for which he was hired." 77 W. Va. C.S.R. 1 § 4.4. The regulations further provide a non-exhaustive list of these "reasonable accommodations":

> [1] altering facilities; [2] restructuring jobs, work schedules, and assignments; [3] <u>reassigning the employee 'to a vacant position for which the person is able and competent . . . to perform'</u>; [4] acquiring or modifying equipment to provide 'readers or interpreters'; [5] adjusting testing, training materials, or policies; and [6] educating fellow workers.

<u>Skaggs</u>, 479 S.E.2d at 576 (emphasis added) (quoting 77 W. Va. C.S.R. 1, § 4.5).

**B.**

The defendants argue that the plaintiffs' failure to accommodate claim[2] is preempted by the LMRA because, as an element of their <u>prima facie</u> case, they must prove "that an open position

---

[2] For the purposes of resolving the instant motion, the Court assumes without deciding that the complaint pleads a failure to accommodate claim.

MOORE, ET AL v. VERIZON WEST VIRGINIA, INC., ET AL.     1:11CV127

MEMORANDUM OPINION AND ORDER

existed into which they could be transferred." (Dkt. No. 43 at 3).
As the Collective Bargaining Agreement ("CBA") and collectively
bargained Medically Restricted Policy ("MRP") "determine whether
there were available positions into which Plaintiffs could have
been transferred," the defendants maintain that this claim would
require that the Court interpret the CBA & MRP, rendering it
completely preempted. (Id. at 3-4).

Contrary to the defendants' position, however, a plaintiff is
not required to prove, as part of her prima facie case for failure
to accommodate under the WVHRA, "that a specific alternative
position was available"; instead, the plaintiff must simply prove
that "some accommodation was possible." Alley, 602 S.E.2d at 516.
There is no evidence that the plaintiffs, in meeting their burden
of proving that "some accommodation was possible," will argue for
a "reasonable accommodation" that would require interpretation of
the CBA or MRP. Id. Rather, a failure to accommodate claim under
West Virginia law turns on "questions of fact pertaining to the
abilities of the plaintiff to perform essential functions of his or
her job with or without an accommodation and the employer's
knowledge and conduct," an analysis that does not require the
interpretation of a CBA. McCutcheon v. Alcan Rolled Products

11

MOORE, ET AL v. VERIZON WEST VIRGINIA, INC., ET AL.     1:11CV127

MEMORANDUM OPINION AND ORDER

- Ravenswood, LLC, No. 2:07-622, 2008 WL 2223867, at *5 (S.D. W. Va. May 22, 2008).

Importantly, the right to be free from employment discrimination is a substantive right granted by the state of West Virginia, and is thus independent of any duty under an employment agreement: "Equal opportunity in the areas of employment and public accommodations is hereby declared to be a human right or civil right of all persons without regard to . . . disability." W. Va. Code § 5-11-2 (emphasis added); cf. Martin Marietta v. Maryland Commission on Human Relations, 38 F.3d 1392, 1400-01 (4th Cir. 1994) (finding Maryland disability statute "provides a nonnegotiable right to be free from handicap discrimination and a right to a reasonable accommodation, each independent of the CBAs."). Section 301 has no impact on "'the substantive rights a State may provide to workers when adjudication of those rights does not depend upon interpretation of [collectively bargained] agreements.'" Owen v. Carpenter District Counsel, 161 F.3d 767, 773 (4th Cir. 1998) (quoting Lingle, 486 U.S. at 409)); see also Livadas, 512 U.S. at 123 (§ 301 does not "pre-empt nonnegotiable rights conferred on individual employees as a matter of state law"). As the plaintiffs' failure to accommodate claim rests purely on rights created by West Virginia law and turns solely on

12

MOORE, ET AL v. VERIZON WEST VIRGINIA, INC., ET AL.     1:11CV127

<u>MEMORANDUM OPINION AND ORDER</u>

factual questions relating to the conduct of the parties in this case, it is not completely preempted by § 301.

### IV.

The defendants' ERISA preemption argument is relegated to a footnote of its brief in opposition to remand, which simply notes that "[t]o the extent the Plaintiffs mean by [their allegation of disparate treatment] that they have been improperly treated under the Verizon short term disability plan, there is preemption of that claim under ERISA." (Dkt. No. 43 at 22). The face of the plaintiffs' complaint does not refer to ERISA, nor does it seek to recover, rescind, or challenge an ERISA benefit. <u>See</u>, <u>e.g.</u>, (Compl. ¶ 3 ("The Plaintiffs seek no relief under any federal laws or regulations, assert no federal claims, and withdraw any asserted state law claims that are preempted by federal law.")). As such, the plaintiffs' claims are not preempted by ERISA.

### V.

For the reasons discussed, the Court **GRANTS** the plaintiff's motion to remand (dkt. no. 29) and **REMANDS** this case to the Circuit Court of Harrison County, West Virginia.

It is so **ORDERED**.

**MOORE, ET AL v. VERIZON WEST VIRGINIA, INC., ET AL.     1:11CV127**

**MEMORANDUM OPINION AND ORDER**

The Court directs the Clerk to transmit copies of this Order to counsel of record, and to mail a copy to the Circuit Court of Harrison County, West Virginia.

DATED: March 30, 2012.

<pre>
                              /s/ Irene M. Keeley
                              IRENE M. KEELEY
                              UNITED STATES DISTRICT JUDGE
</pre>